FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C.  Atlanta

AUG  8 2007

JAMES N. HATTEN, Clerk
By
*Merdel* Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|                             |   |                        |
|-----------------------------|---|------------------------|
| DAVID CANUP and CARL A.     | : |                        |
| BEDGOOD,                    | : | CIVIL ACTION NO.       |
|    Plaintiffs, | : | 1:07-CV-1701-TWT       |
|                             | : |                        |
| v.                          | : |                        |
|                             | : | PRISONER CIVIL RIGHTS  |
| JAMES E. DONALD; et al.,    | : | 42 U.S.C. § 1983       |
|    Defendants. | : |                        |

### ORDER AND OPINION

Plaintiffs, David Canup and Carl A. Bedgood, currently incarcerated at the Wayne State Prison in Odum, Georgia, have filed the instant pro se civil rights action. Each Plaintiff has submitted a separate financial affidavit in support of his request to proceed in forma pauperis. [Docs. 2 and 3].

Pursuant to the Prison Litigation Reform Act ("PRLA") it is proper for a district court to dismiss a civil action brought by multiple inmates who did not file separate actions and did not pay separate filing fees. See Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001). In Hubbard, the Eleventh Circuit affirmed the district court's decision that (1) dismissed without prejudice the initial multi-plaintiff complaint; (2) opened separate actions for each of the named plaintiffs; and (3) directed each plaintiff

AO 72A
(Rev.8/82)

to file separate financial affidavits in support of a request to proceed in forma pauperis. Id. at 1195-98.

Thus, to allow for independent 28 U.S.C. § 1915A frivolity determinations to be made concerning each individual prisoner, and to insure that each Plaintiff pays the full filing fee, this Court will dismiss the instant action without prejudice and open new civil rights actions for each of the named Plaintiffs.

**IT IS THEREFORE ORDERED** that the instant civil rights complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to **OPEN** a new civil rights action on behalf of each Plaintiff named in the instant action. Each Plaintiff shall be individually responsible for the applicable filing fee. The Clerk is further **DIRECTED** to docket: (1) Plaintiff David Canup's financial affidavit [Doc. 2] as part of his separate action; (2) Plaintiff Carl A. Bedgood's financial affidavit [Doc. 3] as part of his separate action; and (3) a copy of Plaintiffs' motion to appoint counsel [Doc. 4] in each of the separate complaints.

**IT IS SO ORDERED**, this ___7___ day of _August_, 2007.


_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

2